187 Ill. App.3d 710 (1989)
543 N.E.2d 967
HENNEPIN DRAINAGE & LEVEE DISTRICT, Plaintiff,
v.
W.H. KLINGNER et al., Defendants and Third-Party Plaintiffs-Appellants (Cascade Pump Company, Third-Party Defendant-Appellee).
No. 3-88-0768.
Illinois Appellate Court  Third District.
Opinion filed August 29, 1989.
Gary D. Nelson and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria (Stephen J. Heine, of counsel), for appellants.
Michael T. Reagan, of Ottawa, for appellee.
Judgment affirmed.
*711 PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:
The plaintiff, Hennepin Drainage and Levee District, filed a breach of contract suit against a certain defendant engineering firm, seeking to recover damages for an alleged failure to perform professional engineering services in a "good and workmanlike manner." The plaintiff had entered into a contract with the defendant to prepare construction plans for a new pumping plant to discharge waters from the land of the district. The plaintiff alleged that the defendant recommended the purchase of a pump which was incompatible with the anticipated range of hydraulic field conditions in which it was to operate. The defendant filed a third-party complaint against the third-party defendant, Cascade Pump Company (Cascade), seeking contribution under the Illinois Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.). The defendant alleged that Cascade, as the manufacturer of the subject pump, was liable for its performance. The trial court dismissed the third-party complaint upon the basis that a defendant sued in contract cannot seek contribution.
The defendant subsequently filed a third-party complaint against Cascade based upon implied indemnity. The trial court dismissed the indemnity complaint and made its orders of dismissal final and appealable.
The issue before this court is whether the defendant may seek contribution against the third-party defendant, or, alternatively, whether it may proceed upon a theory of implied indemnity.
 1 Contribution is a statutory remedy which involves a sharing of payment of damage awards and is available to all parties who are subject to liability in tort arising out of the same injury.
In the instant case, the plaintiff's suit states a cause of action for breach of contract. The defendant contends that the basis of its liability lies in tort; consequently, the fact that the complaint is brought upon a contractual theory is not determinative of the right to contribution.
After reviewing the cited cases and the arguments advanced by the defendant, we determine that the Illinois Supreme Court's decision in Moorman Manufacturing Co. v. National Tank Co. (1982), 91 Ill.2d 69, 435 N.E.2d 443, and its progeny, is controlling.
 2 Moorman was a products liability case wherein the court was asked to decide whether a plaintiff could recover damages for the cost of repairs and the loss of a steel grain storage tank under several tort theories. The court held that the plaintiff could not maintain an action in tort, either in negligence or in strict liability, to recover *712 solely economic losses.
In the related case of Redarowicz v. Ohlendorf (1982), 92 Ill.2d 171, 441 N.E.2d 324, the court broadened the rule in Moorman beyond products liability actions, when it applied its principle and reasoning to a claim against a builder of a house whose negligent construction caused the chimney and adjoining brick wall to pull slowly away from the rest of the structure, resulting in cracks and water leakage.
Subsequent to these opinions, this court, in Ferentchak v. Village of Frankfort (1984), 121 Ill. App.3d 599, 459 N.E.2d 1085, made an application of the Moorman rule in a case involving the negligent design of a water drainage system by a professional civil engineer hired by a developer to design and supervise the construction of the system. We held that recovery in tort was only allowable when the plaintiff had no remedy under contract or warranty theories of recovery.
 3 In light of these precedents, we determine that the damages suffered by the plaintiff were purely economic in nature and are recoverable only upon a contract theory. Pursuant thereto, a third-party complaint for contribution is precluded.
 4 We also believe that the trial court's dismissal of the third-party complaint seeking implied indemnity was substantially correct.
Indemnity is a common law doctrine providing for the complete shifting of liability on a showing that there was a pretort relationship between the guilty parties and a qualitative distinction between their conduct. The lack of a contract between the defendant and Cascade precludes an indemnity right.
For all of the foregoing reasons, the judgment of the circuit court of Putnam County is affirmed.
Affirmed.
HEIPLE and BARRY, JJ., concur.